D. Maimon Kirschenbaum
Michael DiGiulio
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAYSARA GIONCO, on behalf of herself and others similarly situated,** | **CASE NO. 1:26-CV-125** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| **JDBN LLC d/b/a DOMODOMO, JAE HYUN PARK, and BRIAN KIM,** | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant JDBN LLC ("Domodomo") is a New York limited liability company that owns and operates Domodomo sushi restaurant in Manhattan (the "Restaurant").

4. Defendant Domodomo has an annual gross volume of sales in excess of $500,000.

5. At all times relevant to this action, Defendant Jae Park has been an executive, director, member, and owner of Domodomo

6. At all times relevant to this action, Defendant Brian Kim has been an executive, director, member, and owner of Domodomo.

7. Defendants Park and Kim exercised control over the employment terms and conditions of Plaintiff and similarly situated employees and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff and similarly situated employees.

8. At all times, Plaintiff could complain to Defendants Park and Kim directly regarding any of the terms of his employment, and Defendants Park and Kim had the authority to effect any changes to the quality and terms of Plaintiff's employment. Plaintiff and her coworkers in fact complained about the illegal pay practices described in this Complaint to Defendants Park and Kim.

9. Plaintiff Maysara Gionco ("Plaintiff") was employed by Defendants as a server at the Restaurant from 2020 until December 12, 2025.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

10. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of service employees employed by Defendants at Domodomo on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime pay and unlawfully retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12. The First and Second Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and mobile phone number known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

13. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at Domodomo on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

15. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

16. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, New York's "spread of hours" premium, retaining tips, and failing to provide adequate wage notices and wage statements. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

17. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

18. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the New York minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiff and Class members for overtime.

e) Whether Defendants withheld portions of Plaintiff's and Class Members' tips.

f) Whether Defendants paid Plaintiff and Class Members New York's "spread of hours" premium for days that they were required to do so.

g) Whether Defendants gave Plaintiff and Class Members appropriate notices and wage statements required by NYLL § 195.

## FACTS

21. Plaintiff's Consent to Sue form is attached hereto as Exhibit A.

22. Defendants committed the following alleged acts knowingly, intentionally and willfully.

23. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, nonpayment of spread of hours pay, and retention of tips would economically injure Plaintiff, the FLSA Collective Plaintiffs, and members of the Class and violated federal and state laws.

24. Defendants paid Plaintiff an amount that was less than the full New York minimum wage for the hours she worked for Defendants.

25. Defendants were not entitled to pay Plaintiff pursuant to any tip credit because Defendants did not give Plaintiff any written notice of the tip credit.

26. During her employment with Defendants, Plaintiff worked over forty hours during a work week at the Restaurant. For example, during the week of October 21-27, 2024, Plaintiff worked 42.26 hours.

27. Defendants did not pay Plaintiff 1.5 times the full minimum wage for hours in which Plaintiff worked in excess of 40 per week.

28. Plaintiff routinely worked double shifts. When Plaintiff worked double shifts, her workdays lasted longer than 10 hours. However, from 2020 through at least, approximately, 2023, Defendants failed to pay Plaintiff the New York "spread of hours" premium when Plaintiff worked double shifts.

29. Defendants unlawfully retained 30-40% of Plaintiff's and other servers' tips.

30. During Plaintiff's employment, Defendants implemented a tip sharing system that directed up to 40% of the tips generated by the servers on the floor (including Plaintiff) to back of

house employees, namely, sushi chefs, who had no interaction with the customers, and therefore performed no direct customer service work.

31. The Restaurant's head chefs received part of these tips as well. The head chefs were salaried and who had managerial authority. The head chefs had authority to hire, fire, and discipline employees at the Restaurant.

32. In addition to this large tip retention, for several years through October 2023 Defendants retained an additional 3% of servers' nightly tips. After Plaintiff and her co-workers complained about Defendants' blatant tip misappropriation, Defendants returned to the tip-pool participants, a portion of the 3% of tips that Defendants retained. However, Defendants did not pay Plaintiff, and the other servers, liquidated damages owed to them for these misappropriated tips under the FLSA and NYLL.

33. At points during her employment, Defendants failed to give Plaintiff wage statements each week delineating her hours of pay and rate of pay. Instead, Defendants simply gave her a check stating how much she was being paid.

34. As a result, Plaintiff did not know the exact basis for her weekly pay. This prevented her from being able to ensure she was paid properly and limited her ability to complain to Defendants about her underpayments. Specifically, by not delineating Plaintiff's base rate of pay and her tips on a wage statement, Defendants hid crucial information from Plaintiff that she was entitled to and that would have allowed her to understand the nature and amount of Defendants' misappropriation of tips and more effectively argue, both to Defendants when she was employed, and to this Court, that she was being unlawfully underpaid and the amount of that underpayment.

35. Defendants did not give Plaintiff any notice and acknowledgement of Plaintiff's pay rate and payday as required by New York law, including written notice of the tip credit that Defendants deducted from the minimum wage.

36. As a result of this failure, Plaintiff was underpaid. That is, Defendants' failure to provide Plaintiff with the legally adequate wage notices legally caused Plaintiff's underpayment.

37. Defendants committed the foregoing acts the Plaintiff, FLSA Collective members and members of the Class.

**FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

39. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

40. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

41. During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

42. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Herself**
**and the FLSA Collective Plaintiffs)**

43. Plaintiff realleges and incorporates by reference all previous paragraphs.

44. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

46. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

47. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.***
**Brought by Plaintiff on Behalf of Herself and the Class)**

48. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. Defendants paid Plaintiff and the Class members less than the New York State minimum wage.

50. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**Brought by Plaintiff on Behalf of Herself and the Class)**

51. Plaintiff realleges and incorporates by reference all previous paragraphs.

52. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

53. Throughout the Class Period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

54. As a result of Defendant' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56. Defendants did not provide Plaintiff and members of the Class with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

57. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(Spread of Hours, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

58. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

59. Defendants did not pay Plaintiff and members of the Class New York's spread of hours premium when their workdays lasted longer than 10 hours.

60. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 196-d, 198**
**(Brought by Plaintiff on Behalf of Herself and the Class)**

61. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the Class.

63. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
January 7, 2026

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By:/s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
Michael DiGiulio
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.