JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640
Fax: 212-981-9487
www.jk-llp.com

August 14, 2026

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:** ***Maysara Gionco v. JDBN LLC, et al.*** **- Case No. 1:26-cv-00125 – Plaintiff's Letter Motion For Sanctions Under F.R.C.P. 37**

Dear Judge Netburn,

We represent Plaintiff Maysara Gionco in the above-referenced action, and we write pursuant to this Court's Individual Rules II(C) and III to seek sanctions under Federal Rule of Civil Procedure ("FRCP" or "Rule") 37 against Defendants for their failure to comply with this Court's August 4, 2026 Order to Compel the production of documents. Dkt. No. 23. For the reasons stated herein, Plaintiff now seeks the following sanctions under Rule 37: (1) holding Defendants in contempt and subject to a coercive fine until they produce the outstanding documents; and (2) payment of Plaintiff's attorneys' fees.

## Background and Procedural History

This is an individual Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. Plaintiff was a server at Defendants' sushi restaurant known as Domodomo and alleges that Defendants violated the wage and hour laws. *See* Dkt. No. 1 at ¶¶ 22-63. In their answer Defendants assert various good faith affirmative defenses. *See* Answer, Dkt. No. 9, Affirmative Defenses Nos. 3, 4, and 6.

On March 27, 2026, Plaintiff served her initial discovery requests. On May 4, 2026, Defendants served their discovery responses and made an initial document production. After meeting and conferring, on May 22, 2026, Plaintiff filed a letter motion requesting that the Court order Defendants to produce various categories of documents related to Defendants' good faith affirmative defense and FLSA liquidated damages. *See* Dkt. No. 15. Specifically, Plaintiff sought documents responsive to her RFP No. 15 (documents related to actions Defendants took to ensure compliance with wage and hour laws) and No. 16 (documents Defendants relied on to determine

whether their practices conformed with wage and hour laws). *See* Dkt. No. 15 at 1-2. Specifically, Plaintiff's requests included attorney-client communications related to the advice that Defendants sought and received about the wage and hour laws prior to and during Plaintiff's employment. *See* Dkt. No. 15 at 2-3.

On May 28, 2026, Defendants filed a letter with the Court stating that "Defendants have agreed to produce all responsive documents requested in RFP Nos. 15 and 16, including the confidential communication and attorney work-product material between the Defendants' previous counsel and the Defendants." Dkt. No. 16. As such, on May 29, this Court denied Plaintiff's motion to compel as moot. Dkt. No. 17.

On July 2, Defendants produced, among other documents, a single page email dated May 28, 2026 between Defendants and their current counsel ("Current Counsel Email"). On July 6, 2026, among other things, Plaintiff requested that Defendants produce the entire email thread from the Current Counsel Email because it appeared to be an incomplete communication as the substance is in response to a question from counsel, and the format is without the normal email headings and suggests it was pulled from an email thread.

After extensive attempts to meet and confer with Defense counsel about this issue, on July 24, Plaintiff filed a letter motion to, among other things, compel the production of the entire email thread from which the Current Counsel Email was pulled. *See* Dkt. No. 22. On August 4, the Court granted Plaintiff's motion and ordered, relevant here, Defendants to "produce the entire Current Counsel email thread" by August 7, 2026. Dkt. No. 23. On August 6 and 7, Defendants produced other documents that they were ordered to produce but did not produce the "entire Current Counsel email thread."

On August 7 and 10, Plaintiff's counsel raised this deficiency with Defense counsel. On August 10, Defendants refused to produce the email thread and took the position that it is not relevant to the case. On August 11, Plaintiff's counsel forwarded this Court's order to compel the production of the Current Counsel email thread and requested that Defendants comply with the order. On August 13, Defendants again refused to produce the email thread. On August 13, Plaintiff's counsel confirmed with Defendants that they took the position that they did not need to produce the email thread. The entire exchange is attached hereto as Exhibit A. Plaintiff now files this letter to seek sanctions for Defendants' non-compliance of the August 4 order to compel.

**<u>Defendants Should Be Sanctions Pursuant to Rule 37</u>**

Fed. R. Civ. P. 37(b)(2) authorizes a court to sanction a party who fails to comply with a discovery order. A court may also hold a party in civil contempt under Rule 37 for violating a court order where "the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted). Under Rule 37(b)(2)(C), where a party violates a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*S. New Eng. Tel. Co.*, 624 F.3d at 149 (internal quotation marks omitted). In addition, a discovery "sanction must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357 (2d Cir. 1991).

"Rule 37(b) applies notwithstanding a lack of willfulness or bad faith, although such factors may be relevant to the sanction to be imposed for the failure." *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17 CV 4576, 2022 U.S. Dist. LEXIS 135733, at *30 (S.D.N.Y. July 29, 2022) (cleaned up). Thus, in selecting an appropriate sanction under Rule 37(b), a court may consider, *inter alia*,

> (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*S. New Eng. Tel. Co.*, 624 F.3d at 144 (internal quotation marks omitted).

Applying this standard Plaintiff seeks the following sanctions against Defendants: (1) Defendants should be subject to a coercive fine until they produce the Current Counsel email threads, and (2) Defendants should pay Plaintiff's attorneys' fees and costs caused by their failure to comply with the Court's August 4 discovery order.

As noted above, a party who violates a court's discovery order may be held in civil contempt where the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply. *S. New Eng. Tel. Co.*, 624 F.3d at 145. "The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of him." *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986). All of these factors are satisfied with respect to Defendants' failure to produce the Current Counsel email thread. Accordingly, Plaintiff respectfully requests that Defendants be held in civil contempt and be subject to a $100 and then $500 per day fine until they produce the outstanding documents.

The Court's order was clear and unambiguous: "The Defendants are ORDERED:…to produce the entire Current Counsel Email thread. Production shall be made no later than Friday, August 7, 2026." Dkt. No. 23. The proof of non-compliance is also clear. *See* Ex. A. And Defendants are plainly not diligent in their attempts to comply with the court's order. As indicated in the exchange between counsel, Defendants are aware of the court's order and are simply refusing to comply with it. Ex. A. Thus, it is evidence that Defendants were not reasonably diligent in attempting to comply.

"[A] civil contempt sanction must only be compensatory or coercive, and may not be punitive." *Gucci Am. v. Bank of China*, 768 F.3d 122, 144 (2d Cir. 2014). A civil contempt "fine must 'be substantial enough to make it more economical for [the contemnor] to comply than not to comply.'" *Chase Bank U.S. v. M. Harvey Rephen & Assocs., P.C.*, No. 19 MC 275, 2019 U.S. Dist. LEXIS 239672, at *11 (S.D.N.Y. Aug. 16, 2019) (alteration in original). Here, Plaintiff respectfully requests that Defendants be sanctioned by requiring them to pay $100 per day to the Clerk of Court for 14 days and $500 per day thereafter until they produce the Current Counsel email thread.

**Plaintiff is Entitled to An Award of Attorneys' Fees**

Fed. R. Civ. P. 37(b)(2)(C) provides that where a party is sanctioned for failing to comply with a court's discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, Defendants cannot show that they are "substantially justified" in flatly refusing to produce the Current Counsel email thread. Accordingly, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Court's August 4 Order.

The parties are scheduled to attend a settlement conference on August 27. Plaintiff requests that if the Court grants Plaintiff's motion and awards attorneys' fees, the Court allow Plaintiff to submit her request for a specific amount in attorneys' fees by a date after the settlement conference. That is, Plaintiff requests that she be allowed to make her specific attorneys' fees request related to this motion only if the case does not settle at the conference.

For the foregoing reasons, Defendants should be sanctioned pursuant to Rule 37. We thank your Honor for your careful consideration of this matter.

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
45 Broadway, Suite 320
New York, NY 10006
Tel: 212-688-5640

*Attorney for Plaintiff*