# EXHIBIT A

**Friday, August 14, 2026 at 4:07:21 PM Eastern Daylight Time**

**Subject:** Re: Email communications between myself and the Defendants? Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments
**Date:** Thursday, August 13, 2026 at 5:30:10 PM Eastern Daylight Time
**From:** Mike DiGiulio
**To:** Diane Lee

Diane,

Sorry, to be clear, I understand your arguments, but I disagree with them. Again, for the reasons in my letter to court we believe we are entitled to this email thread and the Court agreed and ordered you to produce it last Friday. You have not complied with this order and are refusing to comply with it now.

I am going to write the court to seek sanctions for your non-compliance.

Be well,

Mike

Get Outlook for iOS

---

**From:** Diane Lee <dlee@dhllaw.com>
**Sent:** Thursday, 13 August 2026 17:24:00
**To:** Mike DiGiulio <mike@jk-llp.com>
**Subject:** Re: Email communications between myself and the Defendants? Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments

Hi Mike:

I am glad you understand my argument.  It would be highly prejudicial to the Defendants for the Plaintiff to have access to the contemporaneous communications between the Defendants and their counsel in pending litigation and without any limitation. I voluntarily produced my  communication with my client regarding SOH advice because I wanted to draw a complete picture of what the Defendants were relying on as counsel's advice during the relevant period of time. As you have reviewed the records of Gionco's pay records and not that of Willy's, there were some days in which Gionco worked in excess of 10 hours.

As I stated in my email below, by reviewing the documents, it appears to me that Helbraun had given advice on SOH, whether she had learned through the seminar or directly from their counsel at that time. Therefore, the only issue remaining is the previous counsel's advice on tip sharing with the "sushi chef".

In equal importance, the information you are seeking is not relevant because there is no more sharing of tips with the "sushi chefs" as of September of 2023 so my current advice to my clients, whatever they maybe is irrelevant to the Plaintiff's claims and to Defendants' affirmative defenses.  My firm was retained after Plaintiff brought the suit. Defendants are not asserting reliance on my advice as affirmative defense.

I am open to hear your arguments as to why you need the communications between myself and the Defendants in their entirety to prosecute the Plaintiff's claims.  I don't think we need to litigate a irrelevant, therefore a moot point and waste time and expenses of all, including the Court's time.  I believe, although I don't know with certainty, once the Judge hears what the Plaintiff is looking for in detail, putting them in context, including the cessation of the practice in dispute in 2023 and other factors, she may re-consider her decision.  I don't think the point is to punish the Defendants and to prejudice the Defendants in a pending litigation.  Thanks.

Diane

On Thursday, August 13, 2026 at 03:04:34 PM EDT, Mike DiGiulio <mike@jk-llp.com> wrote:

Diane,

I understand your argument as to why you don't believe you need to produce the email thread, but the Court has already ordered you to produce it. Are you taking the position that you are not going to comply with this Court order?

Please clarify as I do not want to misrepresent your position when I write the Court.

Thank you,

Mike

--
Mike DiGiulio
Joseph & Kirschenbaum LLP
45 Broadway
Suite 320
New York, NY 10006
Tel: (212) 752-1611
Fax: (212) 981-9587
Mobile: (518) 466-8036

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.
*IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)*

---

**From:** Diane Lee <dlee@dhllaw.com>
**Date:** Thursday, August 13, 2026 at 3:00 PM
**To:** Mike DiGiulio <mike@jk-llp.com>
**Subject:** Re: Email communications between myself and the Defendants? Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments

See below my response sent to you on 8/10. My response remains the same. Thank you.

Diane

**Re: Email communications between myself and the Defendants? Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments**

Sent

Sent

- Message. For JAWS, turn virtual PC Cursor on if needed.
  Diane Lee
  To: Mike · Mon, Aug 10 at 4:29 PM

## Message Body

Mike:

Hope you had a nice weekend, too.

The emails between me/my firm and my clients since I was retained to represent the lawsuit by Gionco have nothing to do with Defendants' defense of relying on the previous counsel's advice with regards to sharing tips with those individuals called "sushi chefs". As you are aware, the Defendants stopped sharing tips with "sushi chefs" back in September of 2023. (if you look at the records).

The reason why I produced single email with Debbie Park had to do with an SOH issue. My clients could not recall whether they were properly advised by the previous counsel re; SOH. So, as my clients were going through their emails with their previous counsel, it had occurred to Debbie that although she could not recall specific emails that she had exchanged with Helbraun, receiving advice re; SOH, she recalled learning about SOH through a seminar that Helbraun offered.

Therefore, Plaintiff is not entitled to my communications with the Defendants as Defendants' affirmative defense re; tip misappropriation allegation are limited to the advice that the Defendants received back in 2020 up to the point when they stopped the practice of tip sharing with the "sushi chefs" which was in September of 2023.

I am sure you have reviewed Debbie's email to Helbraun in which she stated that the issue of sharing tips with "sushi chefs" was keeping her up at night. And the advice she received was ***not*** the servers could not share the tip with the "sushi chefs" but rather the advice was as to make sure to give servers the standard minimum wage. See the email for exact language, I am paraphrasing it here.

I hope my explanation above is clear in that Defendants are asserting affirmative defense or relying on counsel for the allegation concerning tip misappropriation only. Obviously, Defendants are not saying they should not pay liquidated damages because they relied on ***my*** advice. I did not advise the Defendants until the lawsuit was filed in 2026.

Incidentally, I may be wrong but it appears to me that Helbraun did advise my clients about SOH properly. Thanks.

Diane

On Monday, August 10, 2026 at 09:56:10 AM EDT, Mike DiGiulio <mike@jk-llp.com> wrote:

Diane,

I hope you had a nice weekend.

The documents you produced on Friday morning (DJD 166-DJD342) only contain emails from 2020 between your client and their former counsel. The email thread that I sought an order to compel for, and for which the Court ordered you to respond to, is marked DJD026 and is between you and your client and it appears to be from May 28, 2026. To date, you have not produced this entire email thread—between yourself and your client from the spring of 2026. If I am mistaken, please point me to the bates numbers of the production. Otherwise, it is my position, for the reasons stated in my letter to the Court, that Defendants need to produce this entire email thread.

This is the only outstanding discovery issue on Plaintiff's side.

Thanks,

Mike

--
Mike DiGiulio
Joseph & Kirschenbaum LLP
45 Broadway
Suite 320
New York, NY 10006
Tel: (212) 752-1611
Fax: (212) 981-9587
Mobile: (518) 466-8036
This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.
*IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used,*

*and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)*

On Thursday, August 13, 2026 at 02:15:42 PM EDT, Mike DiGiulio <mike@jk-llp.com> wrote:

Diane,

I am following up on this. Per the Court's order, Defendants were required to produce the the entire email thread between yourself and your client from which DJD026 was pulled by last Friday, August 7. If you do not produce this email thread by tomorrow, I will write the Court to seek sanctions.

Thanks for your attention to this matter.

Mike

--

Mike DiGiulio
Joseph & Kirschenbaum LLP
45 Broadway
Suite 320
New York, NY 10006
Tel: (212) 752-1611
Fax: (212) 981-9587
Mobile: (518) 466-8036

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.
*IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)*

---

**From:** Mike DiGiulio <mike@jk-llp.com>
**Date:** Tuesday, August 11, 2026 at 9:42 AM
**To:** Diane Lee <dlee@dhllaw.com>
**Subject:** Re: Email communications between myself and the Defendants? Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments

Diane,

Thanks for your response. Per my letter motion to compel (see attached, with exhibit), and the Court's August 4 Minute Order granting my letter motion to compel (see below minute order), Defendants have been ordered by the Court to produce the entire email thread between yourself and your client from which DJD026 was pulled. The Court ordered Defendants to produce this document by last Friday, August 7. Please comply with the Court order and produce the entire email thread by the end of the week.

Kind Regards,

Mike

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered on 8/4/2026 at 12:36 PM EDT and filed on 8/4/2026

| | |
|---|---|
| **Case Name:** | Gionco v. JDBN LLC et al |
| **Case Number:** | 1:26-cv-00125-PAE-SN |
| **Filer:** | |
| **Document Number:** | 23(No document attached) |

**Docket Text:**
**ORDER granting [22] Letter Motion for Discovery. Plaintiff filed a letter motion to compel certain discovery on July 24, 2026. Pursuant to my individual Rules of Practice, a response was due three business days later. Defendants have failed to respond to the Court and have apparently failed to respond to Plaintiff's counsel's emails and telephone messages to resolve this dispute. Accordingly, the motion is deemed unopposed. The Defendants are ORDERED: 1) to produce all the attachments to the Prior Counsel Emails, and 2) to produce the entire Current Counsel Email thread. Production shall be made no later than Friday, August 7, 2026. (HEREBY ORDERED by Magistrate Judge Sarah Netburn)(Text Only Order) (Netburn, Sarah)**

--
Mike DiGiulio
Joseph & Kirschenbaum LLP
45 Broadway
Suite 320
New York, NY 10006
Tel: (212) 752-1611
Fax: (212) 981-9587
Mobile: (518) 466-8036
This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.
*IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)*

---

**From:** Diane Lee <dlee@dhllaw.com>
**Date:** Monday, August 10, 2026 at 4:29 PM
**To:** Mike DiGiulio <mike@jk-llp.com>
**Subject:** Re: Email communications between myself and the Defendants? Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments

Mike:

Hope you had a nice weekend, too.

The emails between me/my firm and my clients since I was retained to represent the lawsuit by Gionco have nothing to do with Defendants' defense of relying on the previous counsel's advice with regards to sharing tips with those individuals called "sushi chefs". As you are aware, the Defendants stopped sharing tips with "sushi chefs" back in September of 2023. (if you look at the records).

The reason why I produced single email with Debbie Park had to do with an SOH issue. My clients could not recall whether they were properly advised by the previous counsel re; SOH. So, as my clients were going through their emails with their previous counsel, it had occurred to Debbie that although she could not recall specific emails that she had exchanged with Helbraun, receiving advice re; SOH, she recalled learning about SOH through a seminar that Helbraun offered.

Therefore, Plaintiff is not entitled to my communications with the Defendants as Defendants' affirmative defense re; tip misappropriation allegation are limited to the advice that the Defendants received back in 2020 up to the point when they stopped the practice of tip sharing with the "sushi chefs" which was in

September of 2023.

I am sure you have reviewed Debbie's email to Helbraun in which she stated that the issue of sharing tips with "sushi chefs" was keeping her up at night. And the advice she received was ***not*** the servers could not share the tip with the "sushi chefs" but rather the advice was as to make sure to give servers the standard minimum wage. See the email for exact language, I am paraphrasing it here.

I hope my explanation above is clear in that Defendants are asserting affirmative defense or relying on counsel for the allegation concerning tip misappropriation only. Obviously, Defendants are not saying they should not pay liquidated damages because they relied on ***my*** advice. I did not advise the Defendants until the lawsuit was filed in 2026.

Incidentally, I may be wrong but it appears to me that Helbraun did advise my clients about SOH properly. Thanks.

Diane

On Monday, August 10, 2026 at 09:56:10 AM EDT, Mike DiGiulio <mike@jk-llp.com> wrote:

Diane,

I hope you had a nice weekend.

The documents you produced on Friday morning (DJD 166-DJD342) only contain emails from 2020 between your client and their former counsel. The email thread that I sought an order to compel for, and for which the Court ordered you to respond to, is marked DJD026 and is between you and your client and it appears to be from May 28, 2026. To date, you have not produced this entire email thread —between yourself and your client from the spring of 2026. If I am mistaken, please point me to the bates numbers of the production. Otherwise, it is my position, for the reasons stated in my letter to the Court, that Defendants need to produce this entire email thread.

This is the only outstanding discovery issue on Plaintiff's side.

Thanks,

Mike

--
Mike DiGiulio
Joseph & Kirschenbaum LLP
45 Broadway
Suite 320
New York, NY 10006
Tel: (212) 752-1611
Fax: (212) 981-9587
Mobile: (518) 466-8036
This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.
*IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)*

**From:** Diane Lee <dlee@dhllaw.com>
**Date:** Sunday, August 9, 2026 at 10:46 AM
**To:** Mike DiGiulio <mike@jk-llp.com>
**Subject:** Re: Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments

Hi Mike,

Friday early morning, I produced the email thread. Please let me know if you think something is missing thread. Thanks.

Diane

On Friday, August 7, 2026 at 09:37:14 AM EDT, Mike DiGiulio <mike@jk-llp.com> wrote:

Diane,

Thank you. Yes, the only outstanding issues on my end are the two issues I raised with the Court in my letter two weeks ago.

Based on my review of what you produced, it looks like production you sent last night (DJD027- DJD165) are the attachments that I requested in my letter to the Court. Please confirm this is accurate or clarify.

Based on my review it looks like you have not produced the email thread that I raised in my letter to the Court. Please confirm.

Kind Regards,

Mike

--

Mike DiGiulio
Joseph & Kirschenbaum LLP
45 Broadway
Suite 320
New York, NY 10006
Tel: (212) 752-1611
Fax: (212) 981-9587
Mobile: (518) 466-8036

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s). This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines. If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights. If you have received this e-mail in error, please notify us immediately.
*IRS Circular 230 disclosure: Any tax advice contained in this communication (including any attachments or enclosures) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication. (The foregoing disclaimer has been affixed pursuant to U.S. Treasury regulations governing tax practitioners.)*

---

**From:** Diane Lee <dlee@dhllaw.com>
**Date:** Friday, August 7, 2026 at 5:56 AM
**To:** Mike DiGiulio <mike@jk-llp.com>
**Subject:** Re: Add'l docs : JDBN: Add'l docs production, prev. counsel correspondences and attachments

See attached.

Diane

On Thursday, August 6, 2026 at 05:32:41 PM EDT, Diane Lee <dlee@dhllaw.com> wrote:

Hi Mike:

See attached.  We are doublechecking the emails between my clients and previous counsel to see if there are missing emails in between and will produce them if there anything missing by tomorrow morning.  But for now, please see the attached.

I am advised that between 2020 to 2022 there were no communications between the Counsel and my clients.

Also, other than the missing attachments and threads that you believe are missing which you have raised in your motion, I do not see any other docs that Defendants have not yet produced.  Please let me know if my understanding is incorrect and itemize the missing items.

I apologize for not responding to your previous emails. I was and still am in the middle of a voluminous document review and production. I didn't file opposition to your motion because I felt although some of the attachments were irrelevant to the Plaintiff's claims but I think a full disclosure will eventually help both Parties in resolving the case. Thanks.

Diane