# The Law Offices of Diane H. Lee, P.C.*

**1630 Center Avenue**
**Fort Lee, NJ 07024**
**TEL: (201)363-0101**
**(201)482-4183**
**DLEE@DHLLAW.COM**
**www.thelawofficesofdianehlee.com**
***Member of NY and NJ Bars**

**420 Lexington Avenue**
**Suite 715**
**NEW York, NY 10170**

**PLEASE REPLY TO FORT LEE OFFICE**

August 19, 2026

*VIA ECF*

Honorable Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Gionco v. JDBN, LLC, et. al. Case No. 1:26-cv-00125
Defendants' Letter in Opposition for Plaintiff's Motion for Sanction under FRCP 37

Your Honor:

My firm represents the Defendants in the above-referenced matter. I respectfully submit this letter in opposition to Plaintiff's letter motion seeking sanctions under FRCP 37. (Dkt. No. 24)

It is undisputed that Plaintiff's core claim in this case is that the employees who worked with the title "sushi chef" shared the tips with the servers at the Defendants' Restaurant. Plaintiff alleges that she was not paid overtime and spread of hours, however, the Defendants' records show that the amount allegedly owed to the Plaintiff for overtime is non-existent. With respect to spread of hours, there were few instances where the Plaintiff purportedly worked in excess of 10 hours a day and was not paid spread of hour pay. The Defendants' record did not reveal that Plaintiff was owed any overtime payment. Therefore, the main issue in this case is the purported sharing of the servers' tips with those employees who worked under the title of "sushi chef".

Defendants asserted part of their affirmative defenses in their Answer, paragraphs 66 and 67, that the Court should not award liquidated damages because Defendants acted in good faith by relying on their previous counsel's advice. (See Exhibit A: Defendants' Answer and Affirmative Defenses Dkt. 9). During the discovery process, it has become known that the Defendants' previous counsel advised the Defendants that the sushi chefs ***could*** share the tips with the servers although this carries some risks and in order to lessen the risk, Defendants were advised to pay the standard minimum wage to the servers and not pay them at the lower tipped rate. Therefore,

Defendants believed that the "sushi chefs" could be in the tip pool as long as the servers were paid at their regular rate. (See Exhibit B). This advice, I assume was given considering the specific job duties and responsibilities of the "sushi chefs" at this particular Restaurant and the fact that they "primarily served the customers" along with the servers. Therefore, I assume, it was concluded they were entitled to participate in tip pool. Incidentally, the practice of sharing of the tips with the sushi chefs ceased in September 2023.

The second issue was allegation of spread of hours. According to the Defendants records, it appears that the Plaintiff worked in excess of ten (10) hours for a period of time. Therefore, the inquiry was whether the Defendants who were being advised by their previous counsel during the relevant period of time was in fact made aware of the existence of the spread of hours laws. By reviewing the communications between the Defendants and the previous counsel, I could not discern immediately whether they were advised about the spread of hours compensation. Therefore, in order to assert good-faith reliance on the counsel's advice and seeking

There are no other affirmative defenses that the Defendants are relying on to assert good-faith argument based on the undersigned's advice or counsel. My firm was retained after the instant action was filed in 2026, a point in time which is outside of the relevant period of time for the purpose of lawsuit. Therefore, it is respectfully submitted that the communications between the undersigned and her clients do not shed any light on any of their defenses and the effect of the disclosure would unfairly prejudice the Defendants in their defense of this case.

On the other hand, Plaintiffs will not be prejudiced by the Defendants' non-disclosure of the communications between the Defendants' and their counsel because the allegations took place before my firm was retained however, disclosing such information would unfairly benefit the Plaintiff by having insight into the defense strategy and arguments. These concerns were communicated to Plaintiff's Counsel via emails (See Exhibit C Dkt. 24 Exhibit A to Plaintiff's Ltr for Sanctions). However, rather than substantive response by the Plaintiff's Counsel as to the relevance of the communications with the undersigned and her clients, Plaintiff's only reliance is Your Honor's Order. I respectfully submit that a limited disclosure of communications between the undersigned and her clients in search of information related to the Defendants' affirmative defenses in Paragraphs 66 and 67, would shed some light on the previous counsel's advice on the wage and hour compliance.

For the reasons stated above, I respectfully ask Your Honor to deny the Plaintiff's Motion for Sanction as it would unfairly prejudice the Defendants who did not act in bad faith and reconsider Your Honor's Order to compel production of communications between the undersigned and her clients. Thank you.

Respectfully,
*/s/ Diane H. Lee*
Diane H. Lee
Attorney for Defendants

cc: Mike DiGiulio Via ECF
Attorney for Plaintiff.